**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jay Dee DUNSHEE, Defendant— Appellant.**

No. 03–30494.

D.C. No. CR–96–00338–OMP.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 17, 2004.

Submitted Jan. 25, 2005.

Decided Jan. 25, 2005.

Frank Noonan, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Steven Jacobson, Appointed Federal Public Defender, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before WALLACE, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Jay Dee Dunshee, an insanity acquittee, appeals the district court's order revoking

* This disposition is not appropriate for publication and may not be cited to or by the courts

his conditional discharge and recommitting him to a mental institution. Dunshee contends the district court erred by revoking his conditional discharge on the ground Dunshee's "continued release would create a substantial risk of self injury," instead of on the ground that Dunshee posed a "substantial risk of bodily injury to another person or serious damage to property of another," as required by 18 U.S.C. § 4243(g). Before we heard oral argument, Dunshee again was conditionally discharged and released from commitment. Because we can no longer provide the relief sought by Dunshee (reversal of his commitment order), and the appeal does not fall within the "capable of repetition yet evading review" exception, we hold the appeal is moot and dismiss it for lack of jurisdiction.

The parties are familiar with the facts and we do not recite them here. An appeal becomes moot when it no longer presents a "case or controversy" under Article III of the U.S. Constitution. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Throughout the proceedings (including during appeal), "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). Where there is no longer a possibility an appellant can obtain relief for his claim, "that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson,* 347 F.3d 742, 745 (9th Cir.2003).

An incarcerated or paroled convict's challenge to his conviction always satisfies the case-or-controversy requirement because of the concrete injury resulting from the restrictions inherent in incarceration or parole. *Spencer,* 523 U.S. at 7. Where the convict's sentence has expired, howev-er, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* In a challenge to a criminal conviction, courts presume the existence of "collateral consequences" even after expiration of the sentence. *Id.* at 7–8. This is so because the various restrictions inherent in a past conviction, such as the deprivation of the right to vote, to hold office, serve on a jury, or engage in certain businesses, are sufficiently widespread to justify a presumption that an individual continues to suffer a concrete injury flowing from the conviction even after expiration of the sentence. *Id.* at 8–11.

Here, the government contends the appeal is moot because the district court conditionally discharged Dunshee and no collateral consequences arise from Dunshee's prior commitment. We agree. Dunshee claims only that the district court improperly applied 18 U.S.C. § 4243(g) by revoking his conditional release even though it found he did not pose "a substantial risk of bodily injury to another person or serious damage to property of another." The only relief Dunshee seeks is a reversal of that order, which reversal would result in his release. Dunshee, however, has already been released.

Dunshee contends he is subject to an unlawful, implied condition of release in that if he poses a "substantial risk of self injury," the district court can again revoke his conditional discharge and order him recommitted by virtue of the court's earlier order. Thus, a sufficient "collateral consequence" exists to satisfy the case-or-controversy requirement. This argument misapprehends the statutory requirements of a conditional discharge. Under 18 U.S.C. § 4243(f), for an insanity acquittee

the district court can authorize various conditions of release pertaining to a prescribed regimen of medical, psychiatric, or psychological treatment. The plain language of 18 U.S.C. § 4243(g), however, allows revocation of the conditional discharge granted under section 4243(f) only upon a finding the insanity acquittee's continued release "create[s] a substantial risk of bodily injury *to another person* or serious damage to property of another." 18 U.S.C. § 4243(g) (emphasis added).

Furthermore, we rejected a similar argument in *Foster* in discussing the "capable of repetition yet evading review" exception (discussed further *infra*). There, the plaintiffs (indigent criminal defendants) claimed the defendants (Oregon state officials) implemented a budget reduction plan, per order of the Oregon Chief Justice, that suspended criminal proceedings of some indigent defendants and precluded appointment of counsel. *Foster,* 347 F.3d at 744–45. The district court dismissed the case, and we affirmed on mootness grounds because by the time the case reached us, the defendants had repealed the budget reduction plan and it was no longer in effect. *Id.* at 745–46. The plaintiffs argued the case was capable of repetition yet evading review because Oregon was still suffering economically and might still cut spending, which could result in future suspensions of criminal proceedings for indigent defendants. This court rejected that argument and dismissed the case as moot:

> Plaintiffs do not establish a reasonable expectation that they will be subjected to the challenged action again in the future. The only fact in the record before us that supports this claim is that it happened once.
>
> The mere fact that a similar order from the Chief Justice *might* someday issue does not establish a "reasonable

expectation" that such an order *will* issue. We have held that a mere possibility that something *might* happen is too remote to keep alive a case as an active controversy.

*Id.* at 748–49.

Here, even if the district court erred in applying 18 U.S.C. § 4243(g) in revoking Dunshee's conditional discharge, any future revocations by the same district court will once again call for application of section 4243(g). The possibility the district court will again commit the same claimed error, or find that Dunshee poses only a substantial risk of bodily injury to himself rather than to another person, is too remote to satisfy the case-or-controversy requirement.

Courts may still reach the merits of a mooted appeal, however, if the appeal is "capable of repetition yet evading review." *Spencer,* 523 U.S. at 17. The doctrine applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal alterations omitted); *Demery v. Arpaio,* 378 F.3d 1020, 1026 (9th Cir.2004).

Dunshee, relying on *Tyars v. Finner,* 709 F.2d 1274 (9th Cir.1983), and *Demery,* contends the "capable of repetition yet evading review" exception applies here. Dunshee contends that, as in *Tyars,* the duration of the conditional discharge revocation here is too short to permit adequate judicial review. *Tyars* is distinguishable, however, because there, the involuntary commitment from which the defendant appealed was limited by statute to a one-year term only. 709 F.2d at 1280. Based upon that one-year limit, we held the involuntary commitment evaded review because "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Id.*

Here, however, there is no statutory limit on the length of commitment following revocation of a conditional discharge. Although Dunshee's period of commitment following the revocation was ten months, too short to last through this appeal, his initial commitment lasted twenty months. Even assuming Dunshee will be subject to later commitments, Dunshee does not show the length of those later commitments would necessarily evade review. *Cf. Spencer*, 523 U.S. at 18 (noting the petitioner there "has not shown ... that the time between parole revocation and expiration of sentence is *always* so short as to evade review") (emphasis added).

Citing *Demery*, Dunshee also contends that because of his struggles with drug addiction, as shown by the four times he appeared before the district court for violations of conditions of his release, revocation of his conditional discharge is capable of repetition. *Demery* is also distinguishable here. There, the plaintiffs (pretrial detainees) challenged the defendant sheriff's policy of transmitting live images of plaintiffs via webcast during their detention in the county jail. *Demery*, 378 F.3d at 1024–25. The district court enjoined the defendant's use of the webcasts, and we affirmed. In doing so, we held the case was not moot because it was capable of repetition yet evading review. *Id.* at 1026–27. We noted "the length of detention in the county jail is short enough that any individual detainee's claim would probably become moot before trial," thus satisfying the "evading review" element. *Id.* at 1027. Further, notwithstanding the general assumption that an individual will conform his conduct within the law, *see Spencer*, 523 U.S. at 15, we found "compelling evidence that the plaintiffs likely will be reincarcerated" at the county jail, based upon evidence one of the named plaintiffs had been detained at the jail on twenty different occasions, and other plaintiffs had been detained there more than once. *Id.* at 1027.

Here, however, Dunshee's conditional discharge was revoked once, rather than the twenty detentions at issue in *Demery*. Thus, *Demery* is distinguishable because the twenty detentions at issue there could arguably allow a "reasonable expectation that the same complaining party will be subject to the same action again." *See Spencer*, 523 U.S. at 17. The same cannot be said for the single revocation sustained by Dunshee. *Cf. Foster*, 347 F.3d at 748 ("The mere fact that a similar order ... *might* someday issue does not establish a 'reasonable expectation' that such an order *will* issue. We have held that a mere possibility that something *might* happen is too remote to keep alive a case as an active controversy.") (emphasis in original).

Thus, because the "capable of repetition yet evading review" doctrine does not apply here, Dunshee's case is moot. Accordingly, we dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED AS MOOT.**